UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TWAJUANA K. DAVIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:09CV00155 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Twajuana K. Davis's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. The Government filed its Response [doc. #11] on January 25, 2010.

**I.  BACKGROUND FACTS**

On February 7, 2008, a federal grand jury in the Eastern District of Missouri indicted Twajuana K. Davis ("Movant"), charging her with three offenses: distribution of a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count I); possession of five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count II); and possession of a firearm in furtherance of a drug trafficking crime which is subject to prosecution in a court of the United States, in violation of 18 U.S.C. § 924(c)(1) (Count III).

On June 3, 2008, the Court held a change of plea hearing in Movant's criminal case. At the hearing, the Court was provided with a copy of a written Plea Agreement that was signed by Assistant United States Attorney Keith D. Sorrell, Scott F. Tilsen (Movant's attorney), and Movant. The Plea Agreement set forth the elements of each of the crimes for which Movant was

charged, and noted the ranges of punishment for each of the charges, including the five year mandatory minimums for each of Counts II and III, and the requirement that the sentence for Count III run consecutively to the sentences for other counts. Before Movant entered her guilty plea at the change of plea hearing, Assistant United States Attorney Michael Price set forth the facts that the Government believed it could prove at trial. Movant indicated that she did not object to any of these facts. Movant also indicated that she had read and understood the entire Plea Agreement, and that she understood the range of punishment outlined by the Government. She then entered a plea of guilty to each of the three Counts set forth in the Indictment.

After Movant entered her guilty plea, United States Probation Officer Sherry L. Persinger-Miller prepared a Presentence Investigation Report (PSR) to assist the Court in sentencing Movant. The PSR set the base offense level for Counts I and II at 24, and applied a three level reduction for acceptance of responsibility, for a total offense level of 21. The PSR also noted that Count III was excluded from the offense level calculations because the term of imprisonment for that offense was set by statute, and runs consecutively to other terms. Based on Movant's total offense level of 21 and her Criminal History Category of 1, the PSR established that the guideline imprisonment range for Movant was 60 months on Counts I and II, and 60 months on Count III, to run consecutively.

The Court held Movant's sentencing hearing on July 30, 2008. Prior to this hearing, Movant wrote a letter to the Court, asking for relief from the probable sentence, and the Court acknowledged this letter during the proceedings. At the sentencing hearing, neither the Government nor Movant objected to the PSR, and Mr. Tilsen stated that both he and Movant had received a copy of the PSR. The Court sentenced Movant to a term of 120 months, consisting of

a term of 60 months on each of Counts I and II, to be served concurrently, and 60 months on Count III, to be served consecutively to Counts I and II.

Movant filed a Notice of Appeal on July 31, 2008. On appeal, she argued that her sentence was unreasonable and in violation of the Second and Eighth Amendments, and that mandatory minimum sentencing is unconstitutional. The Eighth Circuit Court of Appeals rejected Movant's arguments and affirmed this Court's judgment.

On October 21, 2009, Movant filed the pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. She argues that her counsel was ineffective for failing to allow her to review the PSR and for not rebutting anything asserted in the PSR. She also argues that her guilty plea was involuntary and induced (also an ineffective assistance of counsel claim), and that the Government engaged in prosecutorial misconduct by suppressing evidence that was favorable to the defense.

**II.   STANDARD OF REVIEW: RELIEF UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him or her "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Nonconstitutional claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotation marks and citations omitted).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 97th Cir. 1992)). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). An exception to this general prohibition exists only where "the alleged error constitut[es] a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994).

Once a guilty plea is entered, the focus of collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. *See Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (citing *United States v. Goings*, 200 F.3d 539, 543 (8th Cir. 2000)). However, when a movant is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

4

## III. DISCUSSION

### A. RIGHT TO AN EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 25 F.3d 1040, 1043 (8th Cir. 1994) (alteration original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir, 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the record of the case, no evidentiary hearing will be necessary.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

The Court will first address Movant's ineffective assistance of counsel claims. A claim alleging a violation of the Sixth Amendment right to effective assistance of counsel may be raised for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* Additionally, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would claim his own ineffective assistance of counsel on

appeal. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure* § 594.1, at 710 (3d ed. 2004). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Establishing ineffective assistance of counsel, however, is "a heavy burden." *Id.*

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that his "counsel's performance was deficient," and (2) that this "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1987). When evaluating the first prong, whether an attorney's performance was deficient, the inquiry is whether "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the Court applies "an objective standard of reasonableness." *Id.* at 687-88. Movant bears the burden of proving counsel's performance was unreasonable, considering all of the circumstances, and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-89. As to the second prong, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other. *See id.* at 697; *see also Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citing *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996)).

### 1. *Presentence Investigation Report*

Two of Movant's ineffective assistance of counsel claims involve the PSR prepared by United States Probation Officer Persinger-Miller in anticipation of Movant's sentencing hearing. Movant argues that she was not given the opportunity to view and discuss the PSR with her attorney prior to the sentencing hearing, and that she would have challenged the basis for the imposition of her ten-year sentence had she been aware of the PSR.

The problem with Movant's argument is that, even if her allegations about not seeing the PSR before sentencing are true, she is unable to prove that she was prejudiced by this failure. That is because Movant entered a plea of guilty to all three of the offenses for which she was charged. Two of those three offenses carried a mandatory minimum sentence of five years, one of which required the mandatory five year sentence to run consecutively to sentences for all other counts. *See* 21 U.S.C. § 841(b)(1)(B) (2006) ("In the case of a violation of subsection (a) of this section involving . . . 5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . ."); 18 U.S.C. § 924(c)(1)(A)(i) (2006) ("any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to a term of imprisonment of not less than 5 years"). Movant's sentence of ten years amounted to the very minimum that she could receive under federal law for the offenses to which she pled guilty,

regardless of whether she reviewed the PSR and discussed it with her attorney before sentencing, and regardless of whether she or her attorney challenged the PSR or sentence in any way.

Assuming that Movant's assertions that she was not given the opportunity to review the PSR are true, she is unable to establish that she was prejudiced by the alleged ineffectiveness of her attorney after she entered her guilty plea. Because Movant failed to establish prejudice, her ineffective assistance of counsel claims regarding the PSR fail under *Strickland*, and the Court need not examine whether Movant's attorney was actually ineffective.

### 2. *Voluntariness of Guilty Plea*

Movant also claims that her trial counsel was ineffective in that her guilty plea was involuntary and induced. Specifically, Movant asserts, "[h]ad I fully understood my charges as they are stated in my [PSR] I would have either had my counsel argue them, or changed my plea." (2255 Mtn., doc. #1, p.4). The Supreme Court has held that the two-part *Strickland* test for ineffective assistance of counsel claims still applies where a movant raises a claim related to the process of entering a guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the prejudice requirement in this situation, a movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59.

The record reflects that Movant fully understood the charges against her and the mandatory minimum sentences that attached to those charges. At the change of plea hearing, Movant told the Court that she had received a copy of the indictment pending against her and that she had fully discussed the charges and her case in general with her attorney, Mr. Tilsen. (Transcript, doc. #48, p.6 l.1-14). In response to the Court's question, "Do you understand the charges pending against you in this Court?," Movant said, "Yes, sir." (Transcript, doc. #48, p.8

8

l.1-3). Additionally, the Assistant United States Attorney Michael Price summarized the facts that it would have used to prove its case at trial, and Movant indicated that she did not have any disagreement with any of the facts set forth by the Government. (Transcript, doc. #48, p.11 l.1-p.12 1.18). The Court also thoroughly discussed the Plea Agreement with Movant:

> Q    [By the Court] I've been supplied with a document that's called "Plea Agreement, Guidelines, Recommendations and Stipulations." All together, this document has 16 pages. I'm going to produce that to see if your signature appears on Page 16.
>
> A    [By Movant] Yes, sir.
>
> Q    Have you had an opportunity to read this document in its entirety before you signed it?
>
> A.    Yes, sir.
>
> Q    Have you had an opportunity, to your satisfaction, to discuss it with Mr. Tilsen before you signed it?
>
> A    Yes.
>
> Q    Other than this Agreement, are there any other agreements or understandings or deals that exist or that you believe may exist which in any way affect your case?
>
> A    No, sir.
>
> Q    Other th[a]n this Agreement, has anyone, Miss Davis, made any threats against you or promises to you to get you to enter a plea of "guilty" in this case?
>
> A    No, sir.
>
> Q    Do you believe you understand the terms of the Agreement?
>
> A    Yes, sir.

(Transcript, doc. #48, p.12 l.19-p.13 l.14). With respect to the mandatory minimum sentences, the Court asked Mr. Price to review the range of punishment in this case, and Movant indicated that she understood the range of punishment that she faced:

> THE COURT: What is the range of punishment on these Counts, Mr. Price?
>
> MR. PRICE: Your Honor, as to Count I, imprisonment of not more than 20 years, a fine of not more than a million dollars or both, and a supervised release of at least three years. With regard to Count II, imprisonment of not more than 40 years, a fine of not more than two million dollars or both such fine and imprisonment. The Court shall also impose a period of supervised release of four years. The Count II calls for a mandatory minimum term of at least five years. . . . With regard to Count III, . . . there is a mandatory minimum of five years to be served consecutive to any other sentence. Therefore, under the circumstances of Count II and Count III, it would amount to a ten-year sentence if the Defendant's plea goes through. Also, there is a supervised release period of five years with regard to Count III. . . .
>
> Q (By The Court) Do you understand the range of punishment in this case?
>
> A [By Movant] Yes, sir.
>
> * * *
>
> Q In this case under Count II, Congress has said that if someone is convicted under this statute, the minimum sentence a judge can impose is five years or 60 months. Do you understand that?
>
> A Yes, sir.
>
> Q Then Count III says that if you -- if a person is convicted under that section of the law, the sentence has to be served consecutively to, on top of, or in addition to any sentence in any other count. So that would mean that you would have a mandatory requirement term under Count II of five years. And then under Count III, there would be another five years which would result in an effective sentence, as Mr. Price mentioned, of ten years. Are you aware of that?
>
> A Yes, sir.

10

(Transcript, doc. #48, p.18 l.1-p.20 l.23). After entering her guilty plea, the Court and Movant engaged in the following exchange:

> Q      Have you understood all of the questions I asked you here today?
>
> A      Yes.
>
> Q      Have you answered all of them truthfully and honestly?
>
> A      Do you have any questions to ask me at this time?
>
> Q      No.

(Transcript, doc. #48, p.23 l.21-p.24 l.2).

The statements made by Movant, under oath, at the change of plea hearing, clearly indicate that she fully understood the offenses for which she was charged, and the sentencing range she faced due to the mandatory minimum sentences that attached to two of the counts against her. Nothing in the record suggests otherwise. Moreover, Movant specifically told the Court that she was entirely satisfied with her attorney's services, and that she had no complaints against Mr. Tilsen.[1] Thus, the Court concludes that Movant understood the charges against her, and there is no evidence that Movant's attorney was ineffective in any way throughout the change of plea process. Because Movant cannot establish ineffective assistance under *Strickland*, the Court need not reach the issue of prejudice, and will deny her ineffective assistance of counsel claim regarding her change of plea.

---

[1] At the change of plea hearing, the Court asked Movant, "Has [Mr. Tilsen] conducted himself in a manner that causes you to have any complaint against him as your lawyer either because of something he did, something he failed to do, or for any other reason?" Movant replied, "No, sir." The Court then inquired of Movant, "Are you entirely satisfied with the services performed on your behalf by Mr. Tilsen as your lawyer up to this time?," and Movant relied, "Yes, sir." (Transcript, doc. #48, p.8 l.11-18).

C.   **PROSECUTORIAL MISCONDUCT**

In her fourth and final ground for relief under 28 U.S.C. § 2255, Movant alleges prosecutorial misconduct, stating, "Evidence ([PSR]) suppressed was favorable to the defense. If I didn't see the report then it was taken as fact because I didn't argue it, but nor have I seen it as is now." (2255 Motion, doc. #1, p.5). It is unclear whether Movant is asserting that the Government suppressed information that should have been included in the PSR or that the Government suppressed the actual PSR, to prevent Movant from objecting to its contents. If Movant asserts the former, her claim must fail because she has not alleged any facts that should have been included in the PSR, but that were not included. If Movant asserts the latter, her claim fails because the PSR was timely and properly submitted to the Court and to defense counsel by United States Probation Officer Persinger-Miller prior to the sentencing hearing in this case. There is no evidence that the Government did anything to prevent Movant from viewing the document. Thus, the Court will deny Movant's prosecutorial misconduct claim.

IV.  **CERTIFICATE OF APPEALABILITY**

The Court finds that Movant has not made a substanital showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Twajuana K. Davis's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**. All Counts of Movant's Motion are **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 12th Day of October, 2010.

*E. Richard Webber*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE